IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   CRIMINAL NO. W-22-CR-00001-ADA |
| | § |
| CHRISTOPHER KIM PARKER | § |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

The Defendant was convicted of bank robbery, in violation of 18 U.S.C. § 2113(a). The Court sentenced the Defendant to one hundred eighty (180) months imprisonment, followed by a three (3) year term of supervised release, payment of a $100 special assessment, and special conditions that include substance and mental health assessment, alcohol abstinence, search and seizure, and medication compliance. The Defendant's supervised release was previously revoked by District Judge Alan D Albright on July 6, 2022, and he was sentenced to twelve months and one day in custody followed by two years of supervised release. The Defendant was released to

1

supervision on March 15, 2023. On August 29, 2023, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated the terms of his supervision and seeking a show-cause hearing as to why the Defendant's supervision should not be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instances:

> **Violation Number 1:** The defendant violated mandatory conditions number 2 and 3, in that, on or about May 31, 2023, the defendant used or possessed cocaine and amphetamines in that the defendant tested positive for marijuana and amphetamines.
>
> **Violation Number 2**: The defendant violated mandatory conditions number 2 and 3, in that, on or about August 14, 2023, the defendant used or possessed amphetamines and fentanyl and in that the defendant tested positive for amphetamines and fentanyl.
>
> **Violation Number 3:** The defendant violated, mandatory conditions number 2 and 3, in that, on or about August 22, 2023, the defendant used or possessed amphetamines and fentanyl and in that the defendant tested positive for amphetamines and fentanyl.

At the hearing, Defendant pleaded TRUE as to violation numbers 1, 2, and 3. The Government then presented evidence that would support a finding of TRUE, by a preponderance of the evidence, as to the violations.

## II. FINDINGS OF THE COURT

1. The Defendant violated the conditions of his supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea to the allegations.

3. The Defendant had both a factual and rational understanding of the proceedings against him.

4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The Defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The Defendant was sane and mentally competent to stand trial for these proceedings.

7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. The Defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12. The Defendant understood his statutory and constitutional rights and desired to waive them.

### III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's supervised release be revoked. This is Defendant's third failed drug test within a one-year period, and as such, revocation of the term of supervised release is mandatory. 18 U.S.C, § 3583 (g)(4). The Court finds that in light of the Defendant's current health, previous time in custody, and honesty when confronted about the violations, a downward departure from the guideline range is justified, such that he be sentenced to six (6) months confinement, with no term of supervised release to follow.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 17th day of October, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE